[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12767
Non-Argument Calendar

_____

D. C. Docket No. 05-80154-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY ALLEN LUCAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 23, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jeffrey Lucas appeals his 300-month sentence that was imposed pursuant to

his convictions on 20 counts of mailing threatening communications to his former girlfriend, Wende Gratton, while he was incarcerated on several state and federal convictions for the same misconduct, and for following through with one particular threat to burn down her home. In his letters, Lucas repeatedly avowed to rape, torture, and kill Gratton immediately upon his release from prison, and he included numerous threats against her children.

On appeal, Lucas argues first that the district court erred in denying an adjustment for his acceptance of responsibility, based on the finding that his statements to his probation officer in April 2007 that he had not written any letters to the victim within the past year were false and material, and that he attempted to manipulate the process by asking the victim to drop the present charges. He contends that he did not write any threatening letters after he pleaded guilty, and that the letter that he wrote in an effort to get Gratton to drop the charges does not indicate a lack of acceptance of responsibility for writing the threatening letters. Further, after Lucas told his probation officer that he had not written any letters in the past year, counsel interjected that some letters had been written, and Lucas is being punished simply for not expressly affirming counsel's statement. Finally, Lucas reasonably believed that the probation officer was only inquiring into whether he had written any threatening letters within the past year, which he had

2

not, because only those letters were the subject of the present charges.

"We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error." United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," and therefore "the determination of the sentencing judge is entitled to great deference." U.S.S.G. § 3E1.1, cmt. (n.5).

"The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999). While pleading guilty constitutes "significant evidence of acceptance of responsibility . . . this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. (n.3). The application notes to the guidelines further provide that "[a] defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction" for acceptance of responsibility, but "a defendant who falsely denies . . . relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id., cmt. (n. 1(a)).

Upon review of the record and the parties' briefs, we discern no error. Here,

Lucas has not met his burden of demonstrating that the court clearly erred in denying an adjustment for acceptance of responsibility, because he falsely denied relevant conduct and attempted to manipulate the process by asking the victim to drop the charges, which was inconsistent with an acceptance of responsibility. Accordingly, we affirm the denial of this downward adjustment.

Next, Lucas argues that his 300-month sentence, which was significantly beyond the guideline range of 51-63 months, is both procedurally and substantively unreasonable. The sentence is procedurally unreasonable, he argues, because the court failed to articulate the extent of the departure or its reasons in support of a departure, thus depriving us of any meaningful review of the application of the guidelines to these facts. Further, the sentence is substantively unreasonable, because the facts of this case did not warrant such an extreme deviation from the guidelines, and the court relied too heavily on one 18 U.S.C. § 3553(a) factor: protection of the public. Moreover, the court failed to consider other sentencing options.

We review the sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Reasonableness review requires that we review the sentence under an abuse-of-discretion standard. Gall v. United States, __ U.S. __, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). As

4

the Supreme Court recently provided, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id., __ U.S. at __, 128 S.Ct. at 597. To that end, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, __ U.S. __, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). However, even if the district court commits procedural error, we are not required to vacate the sentence and remand the case if such error was harmless, i.e. "the court would have likely sentenced [the defendant] in the same way without the error." United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006).

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. See Gall, __ U.S. at __, 128 S.Ct. at 597. "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). If the sentence is outside the guideline range, we "may consider the extent

5

of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, __ U.S. at __, 128 S.Ct. at 597. However, "a major departure should be supported by a more significant justification than a minor one." Id. at __, 128 S.Ct. at 596. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

> The § 3553(a) factors include:
>
> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786 (summarizing 18 U.S.C. § 3553(a)). However, "nothing in Booker[1] or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, an explicit acknowledgment that the district court has considered the

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

6

defendant's arguments and the § 3553(a) factors will suffice.  Id. at 1329-30.

Upon close review of the record and the parties' briefs, we discern no reversible error.  Here, Lucas has not demonstrated that his sentence was unreasonable as a procedural matter.  At sentencing, the court indicated that it had reviewed the parties's written objections, the statements made at the hearing, the PSI "which contains the advisory guidelines," along with the § 3553(a) factors, and the court articulated the grounds on which it was departing from the guidelines and imposing a variance.  While the court did not follow the proper procedure for an upward departure under U.S.S.G. § 4A1.3, any error resulting therefrom was ultimately harmless, as the record clearly reflects that "the court likely would have sentenced [Lucas] in the same way without the error."  See Scott, 441 F.3d at 1329.

Moreover, Lucas has not met his burden of demonstrating that his sentence was substantively unreasonable.  First, the court did not abuse its discretion in determining that the nature of the violent and continuous threats that formed the basis for these offenses, along with Lucas's extreme history of threatening the same victim, constituted a significant justification for deviating from the guidelines.  Second, the court was within its discretion in finding that Lucas "would have harmed [Gratton] if he had the opportunity," and that the prevention of such harm necessitated the imposition of a term of imprisonment significantly

7

beyond the guideline range.

Accordingly, we hold that the Lucas's 300-month sentence, though well beyond the guideline range, was not unreasonable under these circumstances, and we affirm.

**AFFIRMED.**[2]

---

[2] Lucas' request for oral argument is denied.